**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 7, 2021
Date Decided: July 12, 2021

Ned Weinberger, Esq.
Mark Richardson, Esq.
Labaton Sucharow LLP
300 Delaware Ave., Suite 1340
Wilmington, DE 19801

Rudolf Koch, Esq.
Kevin M. Gallagher, Esq.
Sarah A. Clark, Esq.
Kevin M. Regan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Jon E. Abramczyk, Esq.
Alexandra Cumings, Esq.
Morris Nichols Arscht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

Special Master Peter B. Ladig, Esq.
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801

Kevin R. Shannon, Esq.
Berton W. Ashman, Jr., Esq.
Jaclyn C. Levy, Esq.
Jacqueline A. Rogers, Esq.
David A. Seal, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Thomas A Uebler, Esq.
Hayley M. Lenahan, Esq.
McCollom D'Emilio Smith Uebler LLC
Little Falls Centre Two
2751 Centerville Road, Suite 401
Wilmington, DE 19808

Benjamin Schladweiler, Esq.
Sam Moultrie, Esq.
Greenberg Traurig LLP
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801

RE:  *In re Straight Path Commc'ns Inc. S'holder Litig.*,
     C.A. No. 2017-0486-SG

Dear Counsel:

On July 7, 2021, I heard oral argument on the Plaintiffs' Motion to Compel and the Plaintiff's Motion to Supplement Case Schedule to Impose Election Deadline Regarding [opposing counsel's] Role at Trial (the "Motion"). At that argument, I ruled from the bench on the Plaintiffs' Motion to Compel and ordered the parties to meet and confer regarding the issue raised in the Motion, with a status update as to whether the issue was still live within 20 days. Given the arguments made in the briefing and at oral argument on the Motion, I write to provide further guidance to the parties as they confer. The Motion raises ethical concerns about the course of this litigation; because I find the Motion premature, I make no determination that any party or counsel has committed, or contemplated, such an ethical violation.

The primary issue in the litigation is whether a controller wrongfully coerced the board of directors of the nominal defendant, Straight Path Communications Inc. ("Straight Path"), to surrender an indemnification right against another corporation—and Straight Path's former parent—IDT Corporation ("IDT"). IDT and Straight Path are both controlled by Howard Jonas (together with IDT, the "IDT Defendants"), and he and his family have a substantial ownership interest in IDT. I will not go further into the facts, which are adequately laid out in a prior opinion in

this matter.[1] The IDT defendants describe their representation in this matter as being led by their litigation "quarterback," who I will refer to here as Lead Counsel. Lead Counsel maintains his principal practice in New York; he was admitted *pro hac vice* in this matter on July 24, 2017.[2] He was also a witness to facets of the transaction at issue.

"It is a well-established ethical principle that, in general a lawyer who represents a client in a litigated matter may not also appear therein as a witness, either for or against the client."[3] Thus spoke our Supreme Court, in 1994, in *Matter of Estate of Waters*. Yet that is precisely what Lead Counsel for the IDT Defendants proposes (at least provisionally) to do in this litigation. Specifically, he seeks to both advocate for the IDT Defendants at trial as lead counsel, and then call himself as a fact witness on behalf of his clients, the IDT Defendants. The Plaintiffs brought the Motion to prohibit Lead Counsel from doing so, arguing that the Delaware Lawyers' Rules of Professional Conduct—specifically Rule 3.7(a)—do not allow a lawyer to both advocate at trial and be a witness, except in narrow circumstances that do not apply here. The Plaintiffs posit that, while they have no preference as to whether

---

[1] *In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3120804 (Del. Ch. June 25, 2018), *aff'd sub nom. IDT Corp. v. JDS1, LLC*, 206 A.3d 260 (Del. 2019).
[2] Order – *Pro Hac Vice*, Dkt. No. 34.
[3] *Matter of Est. of Waters*, 647 A.2d 1091, 1096 (Del. 1994) (internal quotations omitted).

3

Lead Counsel appears as a fact witness or the trial advocate, he should not be allowed to perform both roles in the same trial.[4]

This is an unusual case. In most prior cases involving Rule 3.7(a), movants used that rule offensively—*i.e.*, with a movant making a motion to disqualify opposing counsel based on an argument that the movant must call that counsel as a necessary witness, and therefore that counsel cannot also be the opposition's advocate at trial.[5] Such use of Rule 3.7(a) as a sword is problematic and disfavored. Accordingly, in such cases, the movant bears a heavy burden: she must prove, by clear and convincing evidence, both (1) the existence of a conflict and (2) how the conflict will prejudice the fairness of the proceedings.[6] Further, the movant must also demonstrate "that there is a reasonable likelihood that [opposing] counsel will be a *necessary* witness in the same litigation."[7] That burden exists to discourage pernicious motions brought to gain a tactical advantage by disqualifying the opposition's counsel.[8]

---

[4] Pls.' Motion ¶ 2, Dkt. No. 417 [hereinafter "OB"].

[5] Indeed, Rule 3.7 was introduced, replacing its predecessor, specifically to address that problem. *Waters*, 647 A.2d at 1096 ("One of the primary reasons for the reformulation of the prohibition against a lawyer simultaneously appearing as a trial advocate and a witness in the Model Rules of Professional Conduct was the recurrent problem of attorneys using the analogous provisions in the prior Rules as a tactical measure.").

[6] *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990); *Benchmark Cap. Partners IV, L.P. v. Vague*, 2002 WL 31057462, at *4 (Del. Ch. Sept. 3, 2002).

[7] *McLeod v. McLeod*, 2014 WL 7474337, at *3 (Del. Super. Dec. 20, 2014) (emphasis added); *see Hull-Johnson v. Wilmington Trust*, 1996 WL 769457, at *4 (Del. Super. Dec. 9, 1996).

[8] *Infotechnology*, 582 A.2d at 221 ("Recognizing the potential abuses of the Rules in litigation, we conclude that the burden of proof must be on the non-client litigant . . . .").

The IDT Defendants seek to impose that heavy burden on the Plaintiff's Motion here. They argue that the movant—the Plaintiffs here—have not, and cannot, meet this burden, because the Plaintiffs do not intend to call Lead Counsel as a witness. According to the IDT Defendants, because the Plaintiffs do not intend to call Lead Counsel, his testimony is not "necessary" to the Plaintiffs' case, and therefore Lead Counsel cannot be disqualified under Rule 3.7(a).

Application of case law imposing the "clear and convincing" standard is inapt—even nonsensical—here, because the matter before me is incongruous to the facts of those cases. The "clear and convincing" case law deals with motions to disqualify where the movant proposes to call his *opponent's* lawyer as a witness and seeks to disqualify his *opponent's* lawyer accordingly. Here, the party seeking to call Lead Counsel as a witness is the *same* party that Lead Counsel represents—not the opposing party. In other words, the IDT Defendants, not the Plaintiffs, seek to call their own trial counsel as a fact witness and oppose the Plaintiffs objection to this situation as "meritless"[9] and "tactical."[10] But the Plaintiffs' motion, tellingly, notes that they have no preference as to whether Lead Counsel testifies or advocates, as long as he does not do *both*.[11] The motion is, accordingly, styled as a

---

[9] IDT Defs.' Opp'n to the Motion ¶ 1, Dkt. No 427 [hereinafter "AB"].
[10] AB ¶ 2.
[11] OB ¶ 2.

"Motion . . . to Impose Election Deadline," although the IDT Defendants construe this as a motion to disqualify.

There is no question, at this point, of true disqualification; as the IDT Defendants themselves pointed out at oral argument, Lead Counsel has already taken a number of trial depositions, as well as sitting for a deposition himself. The question is whether Lead Counsel should be able to call himself as a witness at trial.

To the extent I follow their argument, the IDT Defendants object to any limitation on their counsel testifying, based on what I perceive as an inapt interpretation of Rule 3.7(a). That rule provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> > (3) disqualification of the lawyer would work substantial hardship on the client.[12]

In what strikes me as a funhouse-mirror reading of the rule, the IDT Defendants argue that this rule provides that a lawyer *may* appear both as witness and advocate, *so long as* his testimony is merely *helpful* to his client, but not necessary. The result of this reading is that where the advocate's testimony is required at trial, it is

---

[12] Del. Lawyers' R. Prof. Conduct 3.7(a).

excluded, but where merely desirable, the lawyer may both advocate and testify, willy-nilly.[13]

That interpretation is an absurdity. It cannot be that an advocate at trial is permitted to testify where his testimony *is not* necessary, but he must recuse himself from advocacy where his testimony *is* necessary. The absurdity is avoided by reading Rule 3.7(a) in light of the "well-established principle"[14] elucidated by the Supreme Court in *Waters*. A lawyer who represents a client in a litigated matter as a trial advocate should not appear as a witness therein. Moreover, she should eschew the role of advocate at trial if it is *likely* that her testimony is necessary to the creation of a record sufficient to the administration of justice.

Before analyzing the situation before me, I first turn to the IDT Defendants' second argument, that the Plaintiffs have known for years that Lead Counsel was a witness with potentially relevant testimony, but are only proceeding by motion now, with trial scheduled in December 2021. Thus, per the IDT Defendants, the Plaintiffs have waived the right to move to disqualify, or acquiesced to Lead Counsel's dual roles, or are attempting to sandbag, implying that laches should bar their motion. Again, I find these arguments misplaced.

---

[13] To bolster this argument, the IDT Defendants are careful to characterize Lead Counsel only as a "potentially relevant witness" and not a "necessary" one. AB ¶ 1.
[14] *Matter of Est. of Waters*, 647 A.2d 1091, 1096 (Del. 1994).

The corollary to the IDT Defendants' argument—that the Plaintiffs "have known from the start of this action" that Lead Counsel "is a witness to certain events at issue"[15]—is, of course, that Lead Counsel *himself* also knew, from the start of this action, that he was a potential witness. Indeed, the IDT Defendants, and Lead Counsel himself, were in a better position than the Plaintiffs to know whether Lead Counsel would likely be a witness with testimony helpful to his client.

It is the responsibility of every Delaware attorney—and not her opponent—to ensure her own compliance with ethical responsibilities. It is no defense to argue that another party should have pointed out a lapse of ethics sooner. Lead Counsel has known from the beginning that he was a potential witness in his clients' case. There can be no argument that the Plaintiffs have engaged in sandbagging given this scenario. Moreover, the Plaintiffs are *not* calling Lead Counsel as a witness, nor are they moving to disqualify. For the reasons that ground the fundamental rule against a lawyer testifying and advocating in the same matter,[16] they seek to determine if in fact Lead Counsel will attempt to be a witness for the IDT Defendants at the upcoming trial, while also acting as the IDT Defendants' advocate, a dual role the Plaintiffs oppose as unfair. In any event, if an attorney seeks to hop between roles

---

[15] AB ¶ 2.

[16] *See* Jeffrey A. Stonerock, *The Advocate-Witness Rule: Anachronism or Necessary Restraint?*, 94 Dick. L. Rev. 821, 849–875 (1990).

at trial, jack-in-the-box fashion, this issue would necessarily be before me; as presiding judge I must address it, *sua sponte* or otherwise.[17]

Enforcement of the ethical rules of conduct is solely within the purview of the Supreme Court.[18] The exception is where the trial court perceives that violation of ethical precepts affects her ability to do justice in the matter before her.[19] To reiterate what I told the parties at oral argument, this matter is premature. The IDT Defendants have not definitively committed to calling Lead Counsel as a witness, and the IDT Defendants asked that I impose a meet-and-confer obligation on the parties to attempt to stipulate to facts that would obviate Lead Counsel's potential role as witness. I agreed and gave the parties 20 days to report back as to whether the issue was moot.

In further guidance, I reiterate here that "it is a well-established ethical principle that, in general a lawyer who represents a client in a litigated matter may not also appear therein as a witness."[20] If the IDT Defendants seek an exception to this general principal, I must first determine whether this ethical matter is within my

---

[17] *See Waters*, 647 A.2d 1091 (questioning, *sua sponte*, at oral argument, "the propriety of having the scrivener of a contested will testify at trial and also participate in the proceedings as an attorney for one of the parties").

[18] *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 220 (Del. 1990) ("In Delaware there is the fundamental constitutional principle that this Court, alone, has sole and exclusive responsibility over all matters affecting governance of the Bar. . . . The Rules are to be enforced by a disciplinary agency, and are not to be subverted as procedural weapons.").

[19] *See Waters*, 647 A.2d at 1095 (noting that a lawyer's "disqualification was precisely the type of situation contemplated in *Infotechnology* for a trial court to raise *ex mero motu*").

[20] *Waters*, 647 A.2d at 1096 (internal quotations omitted).

bailiwick, and, if so, whether the testimony is permissable. I have no intention of addressing this matter in an advisory fashion. If, at the end of the 20-day meet-and-confer period, Lead Counsel still intends to testify, he shall file a proffer of his testimony together with a statement of why what his clients call non-essential testimony is nonetheless required in the interests of justice. Any such proffer shall be filed no later than July 30, 2021. The Plaintiffs will have until August 6 to respond.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc: All counsel of record (by *File & ServeXpress*)